On application of the law embodied in the Code, § 85-407, which in effect declares that adverse possession of lands under written evidence of title, for seven years, shall give a title by prescription, there was no error in overruling the motion for new trial based on the general grounds, the verdict being in favor of the defendant in possession.
Judgment affirmed. All the Justices concur.
 No. 14490. MARCH 11, 1943.
Carrie Sharpe, administratrix of the estate of Henry Sharpe, brought an action in ejectment and for mesne profits against Leroy Stewart to recover possession of a described tract of twenty-two acres of land in Tattnall County. The plaintiff alleged ownership under a deed conveying the land to Henry Sharpe in 1898; that Sharpe remained in possession for more than twenty years under his deed, claiming adversely against every one, and particularly against the defendant, who, she alleged, is merely a squatter and trespasser.
The defendant answered, claiming title in himself through successive *Page 611 
conveyances, beginning with one made by the sheriff of said county in 1920, who sold the same to McArthur as the property of Henry Sharpe under a justice's court fi. fa.; that later McArthur executed a security deed thereto to the Tattnall Bank, and on his failure to pay the debt, the bank in 1931, under the power of sale in the security deed, sold the property as his attorney in fact to Kelley, defendant's immediate predecessor in title, and Kelley, in 1937, sold to defendant; that all the above conveyances were duly and promptly filed for record; that the respective parties claiming under those deeds were in continuous, adverse, notorious, and uninterrupted possession of the premises through their tenants from April 14, 1920, to the date of the filing of this suit, openly exercising acts of ownership and possession.
The plaintiff amended her petition by attacking the validity of the sheriff's deed to McArthur as an excessive levy, and the foreclosure conveyance by the Tattnall Bank to Kelley, because of said alleged void sale by the sheriff. On the trial Miss Sharpe admitted that her father, Henry Sharpe, moved from the premises in January, 1921, and that McArthur took possession at that time. And the testimony of the defendant and his witnesses fully supported the averments made in defendant's answer as to peaceable, continuous, notorious, adverse, and uninterrupted possession since January, 1921. The jury returned a verdict in favor of the defendant. A motion for new trial on the general grounds was overruled, and the plaintiff excepted.